**In re James E. FOLEY and Claire I. Foley, Debtors.**

**James E. FOLEY and Claire I. Foley, Plaintiffs,**

v.

**Walter BRENT, Frederick Brent, Robert Brent and Frederick Brent, Sr., Defendants.**

**Bankruptcy No. 97–10147–MWV.**

**Adversary No. 97–1033–MWV.**

United States Bankruptcy Court, D. New Hampshire.

Oct. 20, 1997.

---

**17.** Both *Saunders and Colonial Realty* reach the ultimate conclusion that the pre-petition fraudulent transfer actions are stayed under § 362 but that issue is not relevant to the present case.

Brian R. Barrington, Coolidge Professional Association, Somersworth, NH, for Plaintiffs.

Joseph Dubiansky, Deerfield, NH, for Defendants.

Lawrence P. Sumski, Amherst, NH, Chapter 13 Trustee.

### Memorandum Opinion

MARK W. VAUGHN, Bankruptcy Judge.

The Court has before it the Plaintiffs' motion for partial summary judgment. The facts are not in dispute. The Plaintiffs, husband and wife, executed a mortgage deed in favor of the Defendants. The mortgage deed, which is not a purchase money mortgage, while signed by both husband and wife, does not contain a separate release of homestead. The mortgage deed does contain the "formalities required for the conveyancing of land." N.H.Rev.Stat. Ann. § 480:5–a (1995).

The sole issue before the Court in this motion for partial summary judgment is whether a mortgage other than a purchase money mortgage requires a separate release of homestead. For the reasons stated below, this Court finds that it does not.

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

### Discussion

The statute in question is N.H. RSA 480:5–a. "No deed shall convey or encumber the homestead right, except a mortgage made at the time of purchase to secure payment of the purchase money, unless it is executed by the owner and wife or husband, if any, with the formalities required for the conveyance of land." N.H.Rev.Stat. Ann. § 480:5–a (1995). The document in question is a mortgage deed executed by the Plaintiffs, husband and wife, witnessed, acknowledged and recorded in the Belknap County Registry of Deeds. In short, it is executed with the "formalities required for the conveyance of land." The statute in question is clear and unambiguous. Its plain meaning is easily discernable. *U.S. v. Ron Pair Enters., Inc.*, 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). A deed, including a mortgage deed, executed by husband and wife, with the formalities required for the conveyance of land conveys or encumbers the homestead right.

The Plaintiff relies on Article 6–1 of the New Hampshire Bar Association Title Standards, which states: "[i]f a mortgage, other than a purchase money mortgage, contains no release of homestead, the homestead right may still be outstanding in the event of foreclosure." Title Examination Standards, Art. VI, § 6–1; *see* N.H.Rev.Stat. Ann. § 480:5–a (1995). This Court does not have to discern what the examiners were contemplating when they adopted this article. As indicated above, the statute is clear and controls. The

homestead right has been conveyed or encumbered by the mortgage deed executed by the Plaintiffs to the Defendants herein.

The motion for partial summary judgment is denied.

This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate order consistent with this opinion.